Case 4:24-cv-01233   Document 11   Filed on 01/02/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERONICA DALE, BOP #13381-002, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-24-1233 |
| WARDEN, FPC BRYAN, | § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Federal prisoner Veronica Dale (BOP #13381-002) is in custody of the Bureau of Prisons ("BOP") at the Federal Prison Camp in Bryan, Texas ("FPC Bryan"). Dale filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, requesting that the Court order the BOP to stop collecting restitution payments under the Inmate Financial Responsibility Program ("IFRP"). Pending is Respondent's motion for summary judgment. Doc. No. 10. Dale has not responded to the motion, and her time to do so has passed. The Court has carefully considered the pleadings, motion, record, and applicable law and concludes that Respondent's motion should be **GRANTED** and that this petition be **DISMISSED** for the reasons that follow.

### I. Background

Dale was convicted of conspiracy to defraud the Government, two counts of false, fictitious, or fraudulent claims, and two

counts of theft of government money, property, or records in Criminal No. 2:10-CR-242 (M.D. Ala. May 8, 2011). In that case, Dale was sentenced to 240 months' imprisonment and was ordered to pay $2,327,238.08 in restitution pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A ("MVRA"). Doc. No. 10-3 at 6. Dale was also convicted of wire fraud and aggravated identity theft in the same court in Criminal No. 2:11-CR-069 (M.D. Ala. May 8, 2011). She was sentenced to an aggregate term of 94 months, to run consecutive to the sentence in Criminal No. 2:10-CR-242 and was ordered to pay $494,424.00 in restitution. Doc. No. 10-4 at 3, 6.

Both of Dale's restitution orders provide that the amount of restitution is due immediately and state that any "payment of criminal monetary penalties is due during imprisonment." Doc. No. 10-3 at 7; 10-4 at 7. Further, the orders of restitution provide that, if Dale does not pay her restitution amount in full before her release from BOP custody, she must pay at least $100 a month while on supervised release. Id.

Dale filed several motions in her criminal cases seeking a stay of her restitution payments, but the district court denied her requests. The Eleventh Circuit affirmed the district court's denials of her motions on appeal, rejecting Dale's argument that "the district court improperly delegated the task of setting a

2

repayment schedule to the BOP" and pointing out that her argument is "contradicted by the record."  <u>United States v. Dale</u>, 613 F. App'x 912, 913 (11th Cir. 2015) (unpublished).

Dale now moves for this Court to order the BOP to stop collecting restitution payments and put her on "IFRP Exempt" status. She renews the arguments she asserted unavailingly in the Eleventh Circuit, again arguing that the district court "may not delegate its judicial function of determining the amount [of the restitution payment] to the BOP" and must set a schedule of payment. Doc. No. 1 at 4.  She contends that, although the IFRP program is supposedly voluntary, she would be punished with the loss of benefits or the imposition of sanctions like (1) notification to the Parole Board of a failure to participate; (2) no furlough other than medical or emergency furlough; (3) no performance pay above the maintenance level; (4) no work assignments outside the secure perimeter; (5) no placement in UNICOR; (6) be subject to a monthly commissary spending limitation; (7) housed in the lowest housing status; (8) no placement in a community-based program; (9) no release gratuity unless approved by the Warden; (10) no incentive for participation in residential drug treatment programs; and (11) receive a zero "Responsibility" score. *See* Doc. No. 1 at 2-3.

3

Respondent moves for summary judgment, arguing that Dale's claims are meritless and contrary to Fifth Circuit precedent and the Eleventh Circuit's previous decision on this issue. Respondent contends that the BOP can collect restitution payments from an inmate through the IFRP, where, as here, the sentencing court's judgment determined the amount of restitution and ordered immediate payment. Doc. No. 10 at 6. Dale did not respond to the motion.

## II. Legal Standards

### A. 28 U.S.C. § 2241

A § 2241 petition for habeas corpus attacks the manner in which a sentence is carried out or the authorities' determination of its duration, while a § 2255 motion "'provides the primary means of collateral attack on a sentence.'" Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) (a petition under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is executed). "A challenge to a restitution payment schedule set by BOP is properly raised in a § 2241 habeas petition because it is a challenge to a BOP administrative program and not to any action by the district court." Hickman v. Keffer, 498 F.

App'x 375, 378 (5th Cir. 2012) (citing United States v. Diggs, 578 F.3d 318, 319-20 (5th Cir. 2009)).

B.  Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." Hamilton v. Seque Software, Inc., 232 F.3d 473, 477 (5th Cir. 2000) (quoting Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994)).

The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See* Morris v. Covan Worldwide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998); *see also* Johnston v. City of Houston, 14 F.3d 1056, 1060 (5th Cir. 1994) ("Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence."). Likewise, the

nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Freeman v. Tex. Dep't of Crim. Justice, 369 F.3d 854, 860 (5th Cir. 2004) (citations omitted). In the absence of proof, a reviewing court will not assume that the nonmovant could or would prove the necessary facts. See McCallum Highlands, Ltd. v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995). If no response is filed to a movant's summary judgment motion, as is the case here, the court may not enter a "default" summary judgment. Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988). However, the court can accept as undisputed the evidence set forth in support of the movant's motion for summary judgment. Id. The unsworn pleadings of the nonmovant who does not respond to a motion for summary judgment do not constitute summary judgment evidence. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 165 (5th Cir. 1991).

## III. Discussion

Dale contends that the BOP does not have authority to set a payment schedule because it is within the purview of the sentencing court rather than the BOP. She seeks to be placed on "IFRP Exempt" status based on her circumstances and inability to pay. Both of

Dale's judgments order her to pay restitution and provide, under "Schedule of Payments":

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:
>
> > A. Lump sum payment of [$2,327,238.08 (in cause number 2:10-CR-242) and $494,424.00 (in cause number 2:11-CR-069)] due immediately, balance due.
> >
> > B. Payment due immediately, may be combined with F below.
> >
> > . . . .
> >
> > F. Special instructions regarding the payment of criminal monetary penalties:
> >
> > > Any balance of restitution at the start of supervision shall be paid at a rate not less than $100 per month.
> >
> > . . . .
>
> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal penalties is due during imprisonment. All criminal monetary penalties, except payments made through the Federal Bureau of Prison's Inmate Responsibility Program, are made to the clerk of the court.

Doc. No. 10-3 at 7 (<u>United States v. Dale</u>, 2:10-CR-242, at Doc. No. 214 at 6); Doc. No. 10-4 at 7 (<u>United States v. Dale</u>, 2:11-CR-069, at Doc. No. 156 at 6).

The Fifth Circuit has construed the "due immediately" language present in Dale's restitution order set forth above to "authorize the BOP to place inmates in the IFRP to facilitate payment, notwithstanding that their judgments also provided for

7

post-imprisonment installments." Hickman v. Keffer, 498 F. App'x 375, 378 (5th Cir. 2012); see also Kaemmerling v. Berkebile, 359 F. App'x 545, 546 (5th Cir. 2013) (explaining that where, as here, the judgment determined the amount of restitution and ordered immediate payment, it is not an unconstitutional delegation of judicial authority). The Fifth Circuit has also observed that "the reference to the IFRP contemplates a payment program during incarceration." Hickman, 498 F. App'x at 378. Dale's judgments state that "unless expressly provided otherwise, if the judgment imposes imprisonment, payment is due during imprisonment." Doc. Nos. 10-3 and 10-4 at 7. Dale's judgments impose imprisonment; by their terms, the judgments each provide that payment is due during imprisonment because there is no other express provision otherwise in either judgment. See id.

Dale maintains that the BOP does not have authority to set the schedule and amount of restitution payments while she is incarcerated because "the District Court may not delegate its judicial function of [determining] the amount to the BOP." Doc. No. 1 at 4. The Eleventh Circuit previously rejected this argument, holding that Dale's restitution orders do not impermissibly delegate the judicial function to the BOP. See Dale, 613 F. App'x at 913. As mentioned above, the Fifth Circuit has considered this issue and held that restitution orders like Dale's

8

do not unconstitutionally delegate the judicial function to the BOP. It noted:

> Payment of restitution is ordinarily required to be made "immediately" unless the district court orders otherwise. 18 U.S.C. § 3572(d)(1). Here, the district court, after determining the amount to be paid as restitution, ordered [the defendant] to make restitution while incarcerated pursuant to the prison's IFRP. It then ordered, as a condition of supervised release, that [the defendant] continue his restitution in a specific amount on a monthly basis. The district court did not expressly delegate anything to the BOP. Instead, the district court's judgment determined the amount of restitution and ordered immediate payment; this action was not an unconstitutional delegation of judicial authority.

Kaemmerling, 359 F. App'x at 546-47 (citing McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); Bloch v. Lake, 183 F. App'x 471 (5th Cir. 2006); Schmidt v. U.S. Dep't of Justice, 34 F. App'x 151 (5th Cir. 2002)); see also Wardell v. Longley, 532 F. App'x 580, 581 (5th Cir. 2013) (mem. op.) ("The BOP did not violate the district court's restitution orders by placing [the defendant] in the IFRP, and the restitution orders, which determined the amount of restitution and ordered immediate payment, did not 'constitute 'an unconstitutional delegation of judicial authority.'") (citation omitted); Hickman, 498 F. App'x at 378.

Nonetheless, Dale cites cases from the Ninth Circuit in support of her argument that the BOP's imposition of a payment schedule is an impermissible delegation of judicial authority. See Doc. No. 1 at 3-4 (citing United States v. Gunning, 401 F.3d

9

1145, 1150 (9th Cir. 2005), and several district court cases for the proposition that the BOP cannot set the payment schedule for restitution).

However, soon after those cases were decided, the Ninth Circuit, in a consolidated appeal, explained:

> While the MVRA forbids the wholesale delegation of scheduling responsibility to the BOP, nothing in the text of the statute or our prior decisions places any limits on the BOP's operation of an independent program, such as the IFRP, that encourages inmates voluntarily to make more generous restitution payments than mandated in their respective judgments.

United States v. Lemoine, 546 F.3d 1042, 1048 (9th Cir. 2008).

Dale does not show that the BOP's implementation of her sentence violates her constitutional rights or is otherwise unlawful. As the Government points out, the IFRP is a voluntary program; an inmate can refuse participation. Dale complains that if she were to refuse participation in the program, however, she would lose benefits that the IFRP offers and that the threat of this loss makes the program coercive and involuntary.

There is no merit to Dale's argument that conditioning benefits on participation in the IFRP makes such participation involuntary. See Driggers v. Cruz, 740 F.3d 333, 338 (5th Cir. 2014) (holding that the defendant had no entitlement to any of the benefits that participation in the IFRP would provide and that placement in the IFRP "refuse" status did not violate an inmate's

due process rights); Lemoine, 546 F.3d at 1046 (rejecting the defendant's contention that the IFRP was involuntary because the defendant "did not have a preexisting right to receive any of the benefits conditioned on his participation during his incarceration, and the consequences the BOP imposes on inmates who refuse to participate in the IFRP are reasonably related to the legitimate penological interest of rehabilitation"). Therefore, Dale fails to show a constitutional violation regarding the implementation of her restitution orders under the IFRP and cannot show her entitlement to relief under 28 U.S.C. § 2241.

## IV. ORDER

Therefore, based on the foregoing, it is hereby

**ORDERED** that the Respondent's motion for summary judgment (Doc. No. 10) is **GRANTED**, and this case is **DISMISSED** with prejudice.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 2nd day of January, 2025.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE